Corinne Chandler – State Bar No. 111423
 E-mail: cchandler@kantorlaw.net
Sarah J. Demers – State Bar No. 330090
 E-mail: sdemers@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
REBECCA HAAG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA HAAG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Rebecca Haag (hereinafter "Plaintiff"), herein sets forth the allegations of her Complaint against Defendant Unum Life Insurance Company of America (hereinafter "Unum").

**PRELIMINARY ALLEGATIONS**

1.　"Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

1. benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due her under her plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorney fees and costs.

2. Plaintiff was, at all times relevant, was an employee of Huntington Memorial Hospital, which is located in California, at the time that her disability claim arose under the Huntington Memorial Hospital Plan ("the Plan"), which is insured and administered by Defendant. The Plan was administered in Pasadena, California.

3. Defendant Unum is a corporation with its principal place of business in the State of Maine, who is authorized to transact and is transacting business in the Northern District of California and can be found in the Northern District of California.

4. Unum is the insurer of benefits under the Plan, Policy Number 563105011 and acted in the capacity of the claims administrator.

5. Plaintiff is informed and believes that Policy Number 563105011 was issued with the intent to provide long term disability coverage to residents of the State of California.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT UNUM LIFE
## INSURANCE COMPANY OF AMERICA
## (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. Plaintiff was hired on January 12, 2015, as a clinical lab scientist with Huntington Memorial Hospital located in Pasadena, California. At all times relevant, Plaintiff was employed by Huntington Memorial Hospital and was a covered participant under the terms and conditions of the Plan.

8. Among other things, a clinical lab scientist performs standardized tests and procedures in a hospital lab, supervises clinical lab technicians, and coordinates workflow among staff to ensure timely and accurate medical test results are available for the medical staff at the hospital. A clinical lab scientist is required to stand frequently and walk frequently throughout

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

their workday. They also stand and lean over to look through microscopes. The position is considered at a "light" exertional level in the Dictionary of Occupational Titles.

9. Plaintiff has a history of low back pain that began around 2016. The pain was located primarily in her low back, radiated into her right hip, and then down her right lower leg and finally ended her foot. In April 2019, the pain began increasing, and Plaintiff was forced to reduce her hours at work. The frequent standing and walking required in her occupation aggravated her low back pain. Finally, on August 6, 2019, the back pain became too much for Plaintiff to continue performing her job and she stopped working.

10. On August 20, 2019, Plaintiff consulted with orthopedic surgeon Dr. Ben Pradham. Dr. Pradham reviewed x-rays and an MRI of Plaintiff's spine which showed spondylosis, early degenerative disc disease, and a disc bulge at L5-S1. He diagnosed her with piriformis syndrome, lumbosacral radiculopathy, degenerative disc disease in her lumbar spine, and spondylosis with radiculopathy. Dr. Pradham recommended that Plaintiff begin physical therapy and undergo spinal injections to reduce her pain and determine whether surgery would be effective.

11. Plaintiff began a physical therapy program and had epidural steroid injections performed on August 27, 2019, October 16, 2019, December 19, 2019, and January 3, 2020. She did not have any noticeable improvement in her symptoms with physical therapy and the steroid injections provided only minimal temporary relief. On January 3, 2020, Dr. Pradham determined that Plaintiff's condition was worsening and that she had exhausted the available less invasive treatments. He recommended that she undergo spinal surgery.

12. On January 30, 2020, Plaintiff underwent a decompression and discectomy at L5-S1. At a follow-up visit after surgery on February 14, 2020, Dr. Pradham noted that Plaintiff appeared to be clinically improving. On March 9, 2020, he stated that Plaintiff could wean off using the back support brace she had been wearing since the surgery and recommended that she restart physical therapy to regain functionality in her spine.

13. At an office visit on July 1, 2020, Plaintiff told her primary care physician, Dr. Marina Manvelyn, that the low back pain had returned. Despite her physical therapy efforts, Plaintiff still had low back pain radiating down her right leg which was uncomfortable and limited

her activity level. Plaintiff expressed concern that she was not capable of performing her job as a clinical lab scientist because of the limitations caused by her pain. Dr. Manvelyn recommended Plaintiff follow-up with her orthopedist and a pain management specialist. In a follow-up visit on July 22, 2020, Dr. Manvelyn noted that Plaintiff had limited range of motion, stiffness and pain.

14. Unfortunately, as time went by, Plaintiff's low back pain continued to worsen. Dr. Pradham referred her to physical medicine and rehabilitation specialist Dr. Jared Myer. During her initial visit with Dr. Meyer on July 31, 2020, Plaintiff described burning pain originating in her low back that radiated down her leg. Because Plaintiff had done more than six weeks of physical therapy and was still in significant pain, Dr. Meyer recommended that she undergo additional epidural steroid injections. On August 4, 2020, Dr. Meyer administered an epidural steroid injection of Plaintiff's piriformis muscle under ultrasound guidance. By the time of Plaintiff's follow-up appointment on September 18, 2020, the effects of the injection had already dissipated.

15. The lack of improvement in her symptoms caused Plaintiff to become depressed and anxious. She started having panic attacks. On August 19, 2020, Dr. Manvelyn counseled her to consult a therapist about her increasing anxiety.

16. In September 2020, Plaintiff changed to a more gentle and therapeutic physical therapy program. The physical therapist noted Plaintiff had moderate tissue tension in her low back muscles, severe tissue tension in her right leg in the piriformis muscle and glute, and spasming in her low back and hip.

17. Although she attended physical therapy sessions approximately two times each week, Plaintiff's physical functionality did not improve. Her low back pain showed some improvement, but the piriformis pain was aggravated by the physical therapy and did not improve. Her physical therapy notes document the lack of progress: "Piriformis is tight and painful. [Low back] is aching." (October 2, 2020); "Noticing [that while in the]car seat can cause increase in piriformis pain." (October 20, 2020); "Feels like physical therapy is helping in that she feels stronger and stretches are helpful. However the pain in the piriformis can still bother her…[I]t can occur randomly – sitting too long, when first waking up in the morning. Pain level can still get to 9/10 but it seems the frequency of the twinges are lessening slightly." (December 1, 2020).

18. On October 19, 2020, Unum approved Plaintiff's LTD claim for the time period of August 6, 2019 to April 28, 2020. Unum's onsite physician reviewed Plaintiff's medical records and opined that her complaints did not appear to be associated with her lumbar disc bulge or spinal surgery. The reviewer noted that Plaintiff had not reported any significant change in her symptoms following her recovery after surgery. The reviewer concluded that the medical information available did not support an inability to perform her occupational demands after April 27, 2020. As a consequence thereof, Unum terminated Plaintiff's benefits and advised Plaintiff that she could appeal.

19. Plaintiff retained the Kantor & Kantor law firm to represent her regarding her appeal of the denial of benefits. She underwent a two-day functional capacity evaluation ("FCE") to measure her functional limitations on January 13 and 14, 2021. Effort testing was performed during the test and determined she gave maximum effort throughout the evaluation. The evaluator noted that Plaintiff's physical behavior during the evaluation was consistent with her subjective descriptions of pain. Her performance and tolerance for activity was lower in the second day compared to the first day. She had strength and range of motion deficits present the first day which were more pronounced the second day. Her tolerance for standing was limited to only 15 minutes at a time and walking only 10 minutes at a time before needing to rest. The FCE evaluator determined based on the testing that Plaintiff could sit up to 4 hours cumulatively each day, standing up to one hour each day, and walking up to 1.5 hours each day.

20. Dr. Manvelyan provided a letter of support for Plaintiff's disability claim dated April 8, 2021. Dr. Manvelyan stated that Plaintiff had consistently followed through on all treatments recommended to her. She detailed how Plaintiff had tried physical therapy, pain injections, diagnostic testing, pain medications, and even spinal surgery in her efforts to find pain relief. Dr. Manvelyan reaffirmed her opinion that Plaintiff was fully disabled.

21. On June 1, 2021, Plaintiff, through her attorneys, submitted an appeal to Unum from its determination that she was not disabled under the terms of the Plan. She included the FCE report, Dr. Manvelyan's letter, medical records from Drs. Manvelyan, Pradham, and Meyer, and her extensive physical therapy records.

22. On July 12, 2021, Unum wrote to Plaintiff's attorneys and provided them with new information it had generated during its processing of Plaintiff's appeal. The new information included Plaintiff's prescription drug records, a medical file summary written by Unum onsite nurse Megan Yeaton, and a medical file review by Unum onsite physician Scott Norris.

23. In his report, Norris agreed with Unum's previous conclusion that Plaintiff was no longer disabled after April 27, 2020. Because the FCE was performed January 13 and 14, 2021, Norris found that the results were not time relevant regarding Plaintiff's functional abilities as of April 27, 2020. Norris opined that without complications, a three-month long recovery period should have been sufficient to heal from her surgery and resume work. He acknowledged that she reported being in pain but opined that the medical evidence did not support the level of severity of impairment she described, her doctors supported, and the FCE confirmed.

24. On February 14, 2022, Plaintiff's attorneys responded to Unum's new information. The response included a sworn declaration from Plaintiff that when the pain in her low back had failed to respond to repeated steroid injections and physical therapy, she had an MRI done of her hip on June 25, 2021. The MRI showed a labral tear in her hip. She explained that on August 26, 2021, she had been given another injection in her right hip for which successfully reduced the pain for a short period of time. She was told because the injection was successful for a short time, it was highly likely the labral tear was the cause for her hip, back, and leg pain. She underwent a right hip arthroscopy on September 27, 2021 to fix the labral tear. Plaintiff's attorneys provided medical records of Plaintiff's right hip arthroscopy to Unum on February 24, 2022.

25. On information and belief, Unum did not provide the new medical records or Plaintiff's sworn declaration to Norris to see if the discovery of the labral tear and resulting right hip arthroscopy would change his opinion.

26. Unum upheld its termination of Plaintiff's claim on March 14, 2022. It relied heavily upon Norris's medical file review opinion. The denial letter stated that the discovery of the labral tear and hip surgery was not time-relevant to Plaintiff's claim.

27. Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

28. Defendant has breached the Plan and violated ERISA in the following respects:

   (a) Unum failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

   (b) Unum failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

   (c) Unum failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

   (d) Unum failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

29. As a proximate result of the aforementioned wrongful conduct of Unum, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

30. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorney fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

31. The wrongful conduct of Unum has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: May 27, 2022                    KANTOR & KANTOR, LLP


                                       By:   /s/ Corinne Chandler
                                             Corinne Chandler
                                             Attorneys for Plaintiff,
                                             REBECCA HAAG